# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELTON WILLIAMS,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING, et al.<br><br>　　　　　　　　　Defendants. | CASE NO. 13-CV-38- IEG (BLM)<br><br>**ORDER:**<br><br>**1. GRANTING MOTION TO COMPEL ARBITRATION; AND**<br><br>[Doc. No. 19]<br><br>**2. STAYING ALL CLAIMS AGAINST DEFENDANT AMERICAN SPECIALTY PENDING ARBITRATION.** |

　　　　Before the Court is Defendant American Specialty Health Group, Inc. ("American Specialty")'s motion to compel arbitration and dismiss or stay pending arbitration. [Doc. No. 19.] For the reasons and to the extent below, the motion is **GRANTED** and Plaintiff Kelton Williams's claims in this action against American Specialty are hereby **STAYED** pending arbitration.

## BACKGROUND

　　　　Plaintiff, proceeding *pro se*, filed this employment action against his former employer American Specialty, the Department of Fair Employment and Housing ("DFEH"), and twelve DFEH employees, alleging discrimination and retaliation in violation of Plaintiff's civil rights. [Doc. No. 1, 33.] Plaintiff signed an arbitration agreement on his first day of employment with American Specialty, which agreement states:

> All disputes of any nature concerning the employment of [Williams by American Specialty] . . . including all claims for wages or compensation, all termination claims, alleged claims of discrimination or harassment, or other employment-related disputes shall

be settled by final, binding arbitration before a single neutral arbitrator. [*See* Doc. No. 19, Ex. A at 1 §C(2) (the "Agreement").] By the present motion, American Specialty seeks to enforce the agreement, compel arbitration thereunder, and requests that the Court dismiss or stay Plaintiff's claims against American Specialty pending arbitration. Plaintiff disputes neither the existence of the arbitration agreement nor that it encompasses his claims against American Specialty, but argues that the arbitration agreement is invalid as unconscionable.

## DISCUSSION

"The Federal Arbitration Act ("FAA" or the "Act") declares written provisions for arbitration 'valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Doctor's Associates, Inc. v. Casarotto,* 517 U.S. 681, 683 (1996) (quoting 9 U.S.C. § 2). "By its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (citing 9 U.S.C. §§ 3, 4).[1] "Because the FAA mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed, the FAA limits courts' involvement to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008) (emphasis in original). "If the response is affirmative on both counts, then the [FAA] requires the court to enforce the arbitration agreement in accordance with its terms." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).

Here, there is no dispute that a written arbitration agreement signed by both parties exists and, by its terms, encompasses the claims at issue; the only dispute is whether that arbitration agreement is invalid as unconscionable. [*See* Doc. Nos. 19 at 3-4, 26 at 11-14.] "In determining the validity of an agreement to arbitrate, federal courts should apply ordinary state-law principles

---

[1] "§3 requires courts to stay litigation of arbitral claims pending arbitration of those claims . . . §4 requires courts to compel arbitration . . . upon the motion of either party to the agreement." *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1748 (2011) (internal quotation omitted).

that govern the formation of contracts." *Circuit City Stores, Inc. v. Adams*, 279 F.3d 889, 892 (9th Cir. 2002). Under applicable California contract law, an arbitration agreement will be invalidated as unconscionable only "if it is both procedurally and substantively unconscionable." *Id.* at 893 (citing *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal.4th 83, 99 (2000)). "[P]rocedural unconscionability [] consider[s] the equilibrium of bargaining power between the parties and the extent to which the contract clearly discloses its terms." *Id.* "[S]ubstantive unconscionability . . . involves whether the terms of the contract are unduly harsh or oppressive." *Id.* Courts use a "sliding scale" in analyzing these two elements: "the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1280 (9th Cir. 2006) (quoting *Armendariz*, 24 Cal.4th at 99). No matter how heavily one side of the scale tips, however, showings of both procedural and substantive unconscionability are required to hold an arbitration agreement invalid as unconscionable. *Id.*; *see also Davis v. O'Melveny & Myers*, 485 F.3d 1066, 1072 (9th Cir. 2007) ("both must be present in order for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability.") (internal quotation omitted).

As to procedurally unconscionability, Plaintiff makes two arguments: (1) the arbitration agreement is a contract of adhesion; and (2) the JAMS arbitration rules applicable under the agreement were never provided. [Doc. No. 26 at 11-12.] That an arbitration agreement is, or is included within, a contract of adhesion supports procedural unconscionability. *See, e.g.*, *Armendariz*, 24 Cal.4th at 113; *see also Nagrampa,* 469 F.3d at 1281; *Adams*, 279 F.3d 889, 893. Likewise, that a party to an arbitration agreement never received the arbitration rules applicable thereunder supports procedural unconscionability. *See Zullo v. Superior Court*, 197 Cal. App. 4th 477, 485 (2011) ("The absence of the . . . arbitration rules adds a bit to the procedural unconscionability."); *Trivedi v. Curexo Technology Corp.*, 189 Cal. App. 4th 387, 393 (2010) (holding that failure to attach arbitration rules added to the procedural unconscionability). American Specialty concedes both the adhesive nature of the arbitration agreement and that Plaintiff never received the applicable JAMS rules. [Doc. No. 19-1 at 14 (Where, as here, . . . the

1  contract is one of adhesion . . ."), 13 ("Plaintiff's . . . failure to obtain the JAMS rules . . . does not
2  render the agreement unenforceable.").]   Thus, the Court finds the arbitration agreement, at least
3  to some degree, procedurally unconscionable.

4  But to be rendered invalid as unconscionable, the agreement must also be to some degree
5  substantively unconscionable. *Davis*, 485 F.3d at 1072. Plaintiff's arguments as to substantive
6  unconscionability reduce to concerns that arbitration may prove more costly that proceeding in
7  court. [Doc. No. at 26 at 12-14.]  Though the imposition of costs beyond those required in court
8  can, under certain circumstances, support substantive unconscionability, *see Armendariz*, 24
9  Cal.4th at 110-11, the arbitration agreement here explicitly allocates all such costs to American
10 Specialty alone. [Agreement at §C(2) (any cost "greater that an action in [Court]" allocated to
11 American Specialty).]  Plaintiff's concerns as to costs thus appear unwarranted and fail to support
12 a finding of substantive unconscionability.   Moreover, many of the agreement's terms weigh
13 against a finding of substantive unconscionability.  The obligation to arbitrate under the agreement
14 is wholly bilateral; both parties are bound to settle any dispute via arbitration.  [Agreement at
15 §C(2).] And selection of a neutral arbitrator under the agreement requires participation by both
16 parties pursuant to well-known and widely-endorsed JAMS procedure.  [*Id*. at 1.]  No statutory
17 remedies are precluded, and any arbitration award must be written to explain essential findings,
18 reasoning, and conclusions.  [*Id.*]  These terms belie any suggestion of unequal or oppressive
19 burden, and thus the Court cannot find the agreement substantively unconscionable to any degree.

20 Notwithstanding the apparent procedural unconscionability referenced *supra*, the absence
21 of any degree of substantive unconscionability prevents a finding that the arbitration agreement is
22 invalid as unconscionable.  *Davis*, 485 F.3d at 1072.  Thus, as the arbitration agreement is both
23 valid and encompasses Plaintiff's claims against American Specialty, those claims are to be
24 arbitrated per the terms of the agreement.[2]

---

[2] American Specialty is not entitled to dismissal pending arbitration. *See AT&T Mobility*, 131 S. Ct. at 1748 (2011) ("§3 [of the FAA] requires courts to stay litigation of arbitral claims pending arbitration of those claims"); *see also Epic Advertising v. Asis Internet Services*, 2011 WL 6182180, at *1 (N.D. Cal. Dec. 13, 2011) ("pursuant to Section 3 of the FAA, the court is required to stay, not dismiss, the action pending arbitration . . . Defendants are not entitled to dismissal of the instant action.").

**CONCLUSION**

For the foregoing reasons, American Specialty's motion to compel arbitration is **GRANTED**. Plaintiff's claims against American Specialty are hereby **STAYED** pending arbitration of those claims in accordance with the terms of the arbitration agreement. Plaintiff and American Specialty shall cooperate to initiate the arbitration proceedings forthwith. Counsel for American Specialty shall provide the Court with a letter report regarding the status of the arbitration on or before August 5, 2013. Plaintiff's claims against DFEH and the individual defendants remain active.

**IT IS SO ORDERED.**

DATED: April 15, 2013

**IRMA E. GONZALEZ**
**United States District Judge**