# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELTON WILLIAMS,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING, et al.<br><br>　　　　　　　Defendants. | CASE NO. 13-CV-38- IEG (BLM)<br><br>**ORDER:**<br><br>**1.　GRANTING DEFENDANTS' MOTIONS TO DISMISS; AND**<br><br>[Doc. Nos. 44, 51]<br><br>**2.　GRANTING LEAVE TO AMEND**. |

　　　　Before the Court are two motions to dismiss by Defendants.[1] [Doc. Nos. 44, 51.] For the reasons and to the extent below, both motions are **GRANTED**.

## BACKGROUND

　　　　Plaintiff, proceeding *pro se*, filed this action against his former employer American Specialty Health Group, Inc. ("American Specialty"), the EEOC Defendants, and the DFEH Defendants asserting a host of claims for employment discrimination and retaliation in violation of his civil rights. [Doc. No. 1, 33.] All claims against American Specialty are stayed pending arbitration. [Doc. No. 41.]

---

[1] "Defendants" refers herein to Karrie Maeda and Olophious Perry, both employees of the Equal Employment Opportunity Commission ("EEOC"), (the "EEOC Defendants"), and the California Department of Fair Employment and Housing ("DFEH"), and DFEH employees Mark Albert, Mary Bonilla, Phyllis Cheng, Timothy Muscat, Claudia Quintanilla, Elizabeth Ramirez, Cathy Ray, Monica Rea, and Lottie Woodruff (the "DFEH Defendants").

Twenty claims remain variously against the EEOC and DFEH Defendants in their individual and official capacities.[2] Here, Defendants move to dismiss all individual capacity claims for insufficient service of process under Fed. R. Civ. P. 12(b)(5), and all official capacity claims for insufficient pleading under Fed. R. Civ. P. 12(b)(6). [*See* Doc. Nos. 44, 51.]

# DISCUSSION

## I. Individual Capacity Claims

"Pursuant to Federal Rule of Civil Procedure 12(b)(5), a complaint may be dismissed for insufficient service of process." *U.S. ex rel. Casady v. American intern. Group, Inc.*, 2013 WL 1702777, at *7 (S.D. Cal. April 19, 2013) (internal quotation omitted). Fed. R. Civ. P. 4(d)(1) requires that persons sued in their individual capacities receive personal service of the summons and complaint. *Hutchinson v. United States*, 677 F.2d 1322, 1328 (9th Cir. 1982). "Without personal service in accordance with Rule 4, the district court is without jurisdiction to render a personal judgment against a defendant," *id*., and service at the individual defendant's place of employment is insufficient, *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987). Here, Plaintiff merely mailed the complaint to the EEOC and DFEH; he has not effected personal service on any of the individual defendants. [*See, e.g.*, Doc. Nos. 9-11, 13-16, 48.] Accordingly, all claims against Defendants in their individual capacities are **DISMISSED WITHOUT PREJUDICE**.

## II. Official Capacity Claims

"A claim for damages against a federal agency [or federal employees in their

---

[2] Plaintiff's federal claims include alleged violations under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, *et seq*., 42 U.S.C. §§ 1981, 1983, 1985, 1986, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962, and for declaratory judgment. Plaintiff's supplemental state law claims include fraud in violation of California Civil Code § 1572, breach of fiduciary duty, discrimination in state-funded programs in violation of California Government Code §§ 11135 and 11139, violations of Article 28 1, § 7(a) of the California Constitution, violation of Cal. Civil Code § 52.1(b), conspiracy to defraud in violation of Penal Code § 182(a)(l), intentional infliction of emotional distress, and negligent infliction of emotional distress.

official capacities] is barred by sovereign immunity unless Congress has consented to suit," *i.e.*, waived sovereign immunity. *Gilbert v. Da Grossa*, 756 F.2d 1455, 1460 n. 6 (9th Cir. 1985). This notion of "sovereign immunity extends to state agencies and to damage claims against state officials acting in their official capacity." *Braunstein v. Arizona Dept. of Transp.*, 683 F.3d 1177, 1188 (9th Cir. 2012). "[T]he EEOC is . . . an agency of the federal government," *Persik v. Tucci Learning Solutions, Inc.*, 2007 WL 2298039, at *2 (N.D. Cal. Aug. 8, 2007), and the "DFEH is a state agency," *Rubino v. ACME Bldg. Maintenance*, 2008 WL 2340575, at *4 (N.D. Cal. June 5, 2008). Thus, the EEOC and DFEH Defendants in their official capacities are immune from Plaintiff's claims, except to the extent sovereign immunity has been waived. *Akins v. San Diego Community College Dist.*, 2013 WL 40976, at *2 (S.D. Cal. Jan. 2, 2013) (citing *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 72-73 (2000)).

      Sovereign immunity has not been waived as to RICO claims. *See Dees v. California State University, Hayward*, 33 F. Supp. 2d 1190, 1201 (N.D. Cal. 1998) ("The RICO statutes do not indicate that the United States has waived its sovereign immunity" and thus "a RICO claim cannot be maintained against the United States."); *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir.1991) ("it is clear that there can be no RICO claim against the federal government"); *Dahmer v. Hamilton*, 238 F.3d 428 (9th Cir. 2000) ("RICO does not override states' sovereign immunity"). Nor as to civil rights claims under §§ 1981, 1983, 1985, or 1986. *See Pittman v. Oregon, Employment Dept.*, 509 F.3d 1065, 1072 (9th Cir. 2007) ("under § 1983 and § 1981 . . . states enjoy sovereign immunity from suits brought under both statutes," thus "actions against arms of the state under both § 1983 and § 1981 cannot be brought in either federal or state court"); *Mueller v. U.S. Corp.*, 2009 WL 273283, at *9 (C.D. Cal. Feb. 2, 2009) ("sovereign immunity bars Section 1985[] and 1986 claims against the United States and its officers acting in their official capacities."); *Robinson v. Tripler Army Medical Center*, 2009 WL 688922, at *2 (9th Cir. March

17, 2009) ("State agencies . . . can[not] be sued under § 1983 and § 1985, and the Eleventh Amendment bars suits against them."). Nor as to Plaintiff's supplemental state law claims. *See, e.g.*, *Ranton-Ried v Alcazar*, 2007 WL 2669714, at *2 (D. Or. Sept. 7, 2007) ("Sovereign immunity is applicable to . . . supplemental state law claims"). Thus, barred by sovereign immunity, Plaintiff's RICO, §§ 1981, 1983, 1985, 1986, and supplemental state law claims against the EEOC and DFEH Defendants in their official capacities are **DISMISSED WITH PREJUDICE**.

On the other hand, Congress has "expressly abrogated States' sovereign immunity against suits brought in federal court to enforce Title VI." *Alexander v. Sandoval*, 532 U.S. 275, 280 (2001) (citing 42 U.S. § 2000d-7(a)(2)). Nevertheless, Plaintiff fails to state a Title VI claim. "To state a claim under [Title VI], a plaintiff must allege that (1) the entity involved is engaging in racial discrimination; and (2) the entity involved is receiving federal financial assistance." *Fobbs v. Holy Cross Health Sys. Corp.*, 29 F.3d 1439, 1447 (9th Cir. 1994), *overruled on other grounds*, *Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131 (9th Cir. 2001). Here, Plaintiff provides only conclusory allegations of discrimination without any factual support suggesting a connection between Defendants' conduct and racial bias. [*See* Doc. No. 33 at ¶¶ 85-94.] Nor does Plaintiff provide any facts suggesting that other persons similarly situated received disparate treatment. [*Id.*] Because no facts are pled plausibly suggesting that Defendants' conduct was discriminatory or motivated by racial bias, Plaintiff fails to state a claim under Title VI. *See Travis v. Folsom Cordova Unified School Dist.*, 2007 WL 529840, at *3-4 (E.D. Cal. Feb 20, 2007) ("Because the Complaint lacks factual allegations to support its legal conclusions and fails to allege racial discrimination, the Court grants Defendants' Motion to Dismiss Plaintiffs' claim under Title VI for failure to state a claim."). Amendment is not necessarily futile, and thus Plaintiff's Title VI claims are **DISMISSED WITHOUT PREJUDICE**.

**CONCLUSION**

For the foregoing reasons, Defendants' motions to dismiss are **GRANTED** as follows:

- Plaintiff's claims against Defendants in their individual capacities are **DISMISSED WITHOUT PREJUDICE**;
- Plaintiff's RICO, §§ 1981, 1983, 1985, and 1986, and supplemental state law claims against the EEOC and DFEH Defendants in their official capacities are **DISMISSED WITH PREJUDICE**;
- Plaintiff's Title VI claims against Defendants DFEH and Cheng in her official capacity are **DISMISSED WITHOUT PREJUDICE**.

Plaintiff is **GRANTED** leave to file no later than September 30, 2013 a second amended complaint curing the defects addressed above as to, and including only, those claims dismissed without prejudice.

**IT IS SO ORDERED.**

**DATED:** August 21, 2013

**IRMA E. GONZALEZ**
**United States District Judge**